**UNITED STATES of America,**
**Appellee,**

v.

**Leonel MEJIA, Defendant–Appellant.**

**No. 07–0242–cr.**

United States Court of Appeals,
Second Circuit.

May 28, 2008.

Elizabeth E. Macedonio, Bayside, NY, for Defendant–Appellant.

Richard P. Donoghue, Assistant U.S. Attorney (Roslynn R. Mauskopf, U.S. Attorney for the Eastern District of New York, on the brief, Jo Ann M. Navickas, Assistant U.S. Attorney, of counsel), U.S. Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Leonel Mejia appeals from a judgment of conviction entered by the District Court after a jury found him guilty of: (1) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); (2) murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) & (2); (3) discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) murder through the use of a firearm, in violation of 18 U.S.C. § 924(j)(1) & (2). Mejia was sentenced principally to life imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Mejia challenges his conviction on two grounds, neither of which have any merit. His first argument is that the District Court's denial of his motion to suppress inculpatory statements, and the fruits thereof, was in error. Mejia contends that his multiple *Miranda* waivers were invalidated by a police officer's subsequent assurance, made in response to Mejia's fears of gang reprisals, that his statements would not be disclosed to other members of Mejia's criminal organization, "MS–13." This argument was not raised in the District Court, and for good reason, since it is completely devoid of merit. The police officer's comments did not undermine the repeated warnings given to Mejia that his statements could be used against him in legal proceedings, and therefore do not cause us to question that his *Miranda* waiver was made knowingly and voluntarily.

Mejia's second challenge arises from the government's introduction into evidence of a videotape recording of members of MS–13 attending a wake for one of its deceased members. This videotape's probative value, Mejia contends, was "far outweighed" by its prejudicial impact and should have been excluded by the District Court pursuant to Rule 403 of the Federal Rules of Evidence. "We review evidentiary rulings under a deferential abuse of discretion standard and give district court judges wide latitude in determining whether evidence is admissible at trial." *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir.2001) (internal quotation marks omitted). The significant probative value of this videotape is clear: it confirmed the existence of the MS–13 gang and corroborated the testimony of the government's expert witness with respect to the gang's practices and conduct. This evidence went directly to the issue of whether Mejia's criminal conduct was related to a racketeering enterprise. Balanced against this substantial probative value is the danger that the videotape of a young man's wake—possibly the result of gang violence—would unfairly prejudice the jury against Mejia. We find this risk of unfair prejudice vanishingly small, particularly in light of the District Court's limiting instructions, and see no abuse of discretion in the Court's decision to admit the evidence.

Accordingly, we AFFIRM the judgment of the District Court.